UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

VS.

CHARLES L. NOVAK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 7 2005 ★
P.M. _____
TIME A.M. _____

JUDGMENT INCLUDING SENTENCE FOR OFFENSES COMMITTED ON OR AFTER NOVEMBER 1, 1987 CASE : CR-01-1191-1 (DGT)

AUSA: Keir Dougall
Assistant United States Attorney

S. Silverman
Court Reporter

Joseph Corozzo & Laura Oppenheim, Esq.
Defendant's Attorney

The defendant **above** was found guilty on counts: 1,2,3,5,6,7,12,13,21,22,27,29,& 36 of superseding indictment. Accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION See next page for counts | NATURE AND OFFENSE Offense ends 4/2001 | COUNT NUMBERS |
|---|---|---|

The defendant is sentenced as provided in pages 2 through 5 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

__X__ The defendant is advised of his/her right to appeal within ten (10) days.
__ __ The defendant has been found not guilty on count(s)   and discharged as to such count(s).
__X__ Open counts are dismissed on the motion of the United States.
__ __ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
__X__ It is ordered that the defendant shall pay to the United States a special assessment of **$1,300.** which shall be due immediately.

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

03/13/36
Defendant's USM #/ Date of Birth
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
Defendant's Soc. Sec. Number

Defendant's mailing address
82-11 62nd Ave.
Middle Village, N.Y. 11379

DECEMBER 1, 2004
Date of Imposition of sentence

s/David G. Trager
DAVID G. TRAGER, U.S.D.J.

1/3/2005
Date of signature
A TRUE COPY ATTEST
ROBERT C. HEINEMANN, CLERK
BY: GABY BATISTA, DEPUTY CLERK

## Offenses:

| | |
|---|---|
| Count 1: | 18 U.S.C. 1962(d), RACKETEERING, a Class C felony. |
| Count 2: | 18 U.S.C. 1962(c) and 1963, RACKETEERING, a Class C felony. |
| Count 3: | 18 U.S.C. 371, CONSPIRACY TO RECEIVE UNLAWFUL LABOR PAYMENTS, a Class D felony. |
| Count 5: | 18 U.S.C. 1341, MAIL FRAUD, a Class C felony. |
| Counts 6, 7, 12 & 13: | 29 U.S.C. 186(a)(1), (b)(1) and (d)(2), RECEIPT OF UNLAWFUL LABOR PAYMENTS, Class D felonies. |
| Counts 21, 22 & 27: | 18 U.S.C. 1027, FALSE ERISA STATEMENTS, Class D felonies. |
| Count 29: | 18 U.S.C. 1956(h), CONSPIRACY TO COMMIT MONEY LAUNDERING, a Class C felony. |
| Count 36: | 18 U.S.C. 1956(a)(1)(A)(i) and (a)(1)(B)(i), MONEY LAUNDERING, a Class C felony. |

## Other Defendants:

| | |
|---|---|
| Matthew Joseph Downey - | Sentenced to 78 months custody, 3 years supervised release, and $9,577,906 in restitution. |
| Henry Ach - | Awaiting Sentence |
| Anthony Degennaro - | Awaiting Sentence |
| William C. Barthold - | Sentenced to 21 months custody, 3 years supervised release, and a $5,000 fine |
| David Coakley - | Sentenced to 21 months custody, 3 years supervised release, $200,000 in restitution and a $5,000 fine |
| William Tracy - | Sentenced to 3 years probation, 400 hours of community service, a $500 fine, and $23,127 in restitution. |
| Susan Degennaro - | Awaiting Sentence |
| Richard Brady - | Awaiting Sentence |
| Terence Carr - | Sentenced to 2 years Probation, 100 hours of community service, and a $2,000 fine. |
| James F. Cassidy - | Sentenced to 3 years Probation, 400 hours of community service, $3,750 fine and $40,000 in restitution. |

DEFENDANT: CHARLES L. NOVAK                              JUDGMENT-PAGE 2
CASE NUMBER: CR-01-1191

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of: <u>108 MONTHS.</u>

__X__   The defendant asks to be housed at <u>A MEDICAL FCI FACILITY.</u>   The court notes this so that the Bureau of Prisons can accommodate his/her request if space permits.

____   The defendant is remanded to the custody of the United States Marshal.

____   The defendant shall surrender to the United States Marshal for this District.

__X__   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

        __X__   -12:00 noon. <u>2/1/05</u> .
        __   As notified by the United States Marshal.
        __   As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

            _____
            United States Marshal

            <u>By:</u> _____

DEFENDANT: **CHARLES L. NOVAK**  JUDGMENT-PAGE 3
CASE NUMBER: CR-01-1191

## **SUPERVISED RELEASE**

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **3 YEARS.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

    __      The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

    _X      Prohibition on the possession of a firearm.

DEFENDANT: CHARLES L. NOVAK                                      JUDGMENT-PAGE 4
CASE NUMBER: CR-01-1191

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CHARLES L. NOVAK  
CASE NUMBER: CR-01-1191                                     JUDGMENT-PAGE 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay restitution in the full amount of loss due immediately.

<u>COUNT : (see list)</u>          <u>ASSESSMENT : $1,300</u>      FINE  $15,000      <u>RESTITUTION</u>
-------------------------------------------------------------------------------------
                                        RESTITUTION
FORFEITURE ORDER ATTACHED.

____The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1998, until _____. an amended judgment in a Criminal case will be entered after such determination.

____The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

                         TOTAL AMOUNT     AMOUNT OF

<u>NAME OF PAYEE</u>           <u>LOSS</u>          <u>RESTITUTION</u>              <u>INSTALLMENTS</u>
Clerk of Court                          $289,930.
(See attached list for payments of restitution)

TOTALS: <u>$289,930.</u>  
Findings for the total amount of losses are required under Chapters 109A, 110,110A, 113A of the Title 18 for offenses committed on or after September 13, 1998.

Attachment

5B

of the Court for the United States District Court at 225 Cadman Plaza East, Brooklyn, New York 11201. <u>The following businesses are owed restitution:</u>

1) Americon Construction, 72 Spring Street, New York, NY 10012

2) Lehr, McGovern, Bovis Construction, 200 Park Avenue, New York, NY 10010

3) Classic Electric, 29-01 21st Avenue, Astoria, NY 11105

4) Constructive Industries, 470 Park Ave South, New York, NY 10016

5) Fischer Bros. Construction/Plaza Construction, 260 Madison Ave., 9th Floor, New York, NY 10016

6) J.A. Jones/ GMO International, 6 East 43rd Street, 6th Floor, New York, NY 10017

7) M.A. Angeliades, 5-44 47th Avenue, Long Island City, NY 11101

8) Rock Rose Construction, 99 John Street, New York, NY 10038

9) Skanska USA Construction, 136 Madison Ave., 11th Floor, New York, NY 10016

10) Structure Tone, 15 East 26th Street, New York, NY 10010

11) Tishman Construction Corporation, 666 5th Avenue, New York, NY 10103

12) Turner Construction, 375 Hudson Street, New York, NY 10014

### Forfeiture

247. The defendant must forfeit a total of $3,000,000 in assets, per Forfeiture Allegation I.

### Fines

248. Statutory Provisions: <u>Counts 1, 2 & 5</u>: The maximum fine is $7,831,846 (twice the loss in the offense) on each count. 18 U.S.C. 3571(d). <u>Counts 3, 6, 7, 12, 13, 21, 22 & 27</u>: The maximum fine is $250,000 on each count. 18 U.S.C. 3571(b)(3). <u>Counts 29 & 36</u>: The maximum fine is $7,831,846 on each count (twice the value of the property involved). 18 U.S.C. 1956(a).